# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| WILLIAM BENJAMIN BROWN, ) | CIVIL ACTION NO. 9:14-1355-MGL-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v.                          ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN MANSUKHANI, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This action was filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner serving his sentence at the Federal Correctional Institution (FCI) located in Estill, South Carolina, asserts that he is "actually innocent" of all charges on which he was convicted.

The Respondent filed a Response in Opposition to the Petition and a Motion for Summary Judgment on September 22, 2014. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on September 23, 2014, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to provide an adequate response, his Petition could be dismissed. The Petitioner thereafter filed a response in opposition to Respondent's motion on October 7, 2014. On March 23, 2015, Petitioner filed a second response in opposition.[1]

---

[1]Petitioner requests in his second memorandum in opposition that the Court find the Respondent in default. However, the Respondent has previously responded and filed a motion to
(continued...)



This matter is now before the Court for disposition.[2]

## Background

On March 3, 2011, Petitioner was indicted in a superseding three count indictment [Criminal Action No. 6:11-cr-00001-BAE-GRS-1 (S.D.Ga), Docket Entry 26]. Count One charged Petitioner with Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a). Counts Two and Three charged Petitioner with being a Felon in Possession of Firearms and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. See Court Docket 1-1, pp. 9-10.

On July 6, 2011, Petitioner entered into a written plea agreement stipulating that he would plead guilty to Counts One and Three of the Indictment. The Government agreed to dismiss Count Two. See Court Docket No. 1-1, p. 14; see also Brown v. United States, No. CV613-038, CR 611-001, 2013 WL 3831649 at *1 (S.D.Ga. July 23, 2013), adopted by, 2013 WL 3967352 (S.D.Ga. Aug. 1, 2013). Petitioner's plea agreement also contained the following waiver:

> [T]o the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

---

[1](...continued)
dismiss in this action. Therefore, any assertion that Respondent is in default is without merit.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Brown, 2013 WL 3831649 at *1.[3]

During Plantiff's plea proceeding, the judge accepting Petitioner's plea went over in detail with the Petitioner his rights, including his appellate rights, which he was waiving. Brown, 2013 WL 3831649 at *2. After Petitioner entered his guilty plea, a Presentence Investigation Report ("PSR") was prepared by the United States Probation Office, in which Petitioner was declared to be an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), because he had been convicted of four prior violent offenses. On December 5, 2011, Petitioner was sentenced to 180 months confinement with a lifetime of supervised release. See Court Docket No. 1-1, p. 7.[4]

On December 20, 2011, Petitioner filed a notice of appeal to the Eleventh Circuit Court of Appeals. Id. The Eleventh Circuit Court of Appeals denied this appeal, stating that Petitioner's "plea agreement is valid, and he has waived his right to appeal his conviction and sentence - therefore, we need not consider his Eighth Amendment claim." Brown, 2013 WL 3831649 at *2.

On April 10, 2013, Petitioner filed a § 2255 Petition in the United States District Court for the Southern District of Georgia, asserting that,

> (1) he was not a convicted felon, despite a string of felonies including multiple rapes and breaking and entering, since the laws of Michigan restored his status after serving a period of incarceration for a prior felony; (2) the government breeched the plea agreement by failing to present certain evidence at sentencing; (3) he never had three prior convictions under the Armed Career Criminal Act; (4) the government failed to respond properly to a discovery motion; and (5) he received ineffective assistance of

---

[3]The Westlaw cite referenced hereinabove is from Petitioner's § 2255 challenge to his convictions. Although the cite is to the Report and Recommendation of the Magistrate Judge, that opinion was adopted in its entirety by the District Judge. See Brown, 2013 WL 3967352 at * 1.

[4]This exhibit is a copy of the court docket from Petitioner's underlying criminal case. However, neither party has contested these facts.



counsel in several ways, including a failure of advice as to the plea.

See Brown, 2013 WL 3831649 at *2 at n. 3.

The Court considering Petitioner's § 2255 Petition examined Petitioner's waiver and plea agreement in great detail and held, "the Court is satisfied that [Petitioner] 'understood the full significance of the waiver.'" See Brown, 2013 WL 3831649 at *2. The § 2255 Court also found that while Petitioner couched many of his claims in that action as jurisdictional, they were not, and that Petitioner "[m]erely misconstruing his criminal history is a non-jurisdictional defect that was waived by [Petitioner's] guilty plea." See Brown, 2013 WL 3831649 at *2, n. 3. The Court did address certain parts of Petitioner's claim of ineffective assistance of counsel, but found that issue to be without merit. Id. at **2-3. The Court also found that there was no non-frivolous issue to raise on appeal on his § 2255 petition, and that an appeal would not be taken in good faith. Therefore, it denied Petitioner's request for *in forma pauperis* status on appeal. Id. at * 3.

On August 12, 2013, Petitioner filed a notice of appeal of the dismissal of his § 2255 motion. On February 3, 2014, the Eleventh Circuit Court of Appeals denied Petitioner's motion for a Certificate of Appealability and then denied Petitioner's motion to reconsider on March 14, 2014.

On February 2, 2014, while his motion to reconsider his § 2255 appeal was still pending, Petitioner mailed the instant petition asserting a claim pursuant to § 2241, this time naming the Warden of FCI Estill in the District of South Carolina (where Petitioner is housed) as the respondent. Brown v. Warden, No. 9:14-1355-MGL-BM, Court Docket No. 1. In this § 2241 petition, Petitioner raises the following claims:

(1) He is actually innocent of Count One of the Indictment because the Southern District of Georgia lacked subject matter jurisdiction over his suit;

4



    (2) The Government breached his written Plea Agreement by seeking an armed career enhancement based on his prior convictions;

    (3) The indictment did not have the elements of 934(c) and the Government did not provide the proper Shepard[5] documents to prove the prior convictions;

    (4) The Government committed a discovery violation by failing to disclose evidence favorable to him upon his request; and

    (5) Counsel was ineffective in allegedly never reviewing the plea agreement with him and supposedly not investigating the correctness of the certified copies of Petitioner's prior convictions from Michigan.

See Petition.

### Discussion

        Federal Courts are charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the exhibits and arguments presented, the undersigned finds and concludes that the Respondent is entitled to judgment in this case, and that this Petition should therefore be dismissed.

        Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). However, in

---

[5]Shepard v. United States, 555 U.S. 13 (2005).



1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. See In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases). Now, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080, (7th Cir.1994). Hence, since the Petitioner is seeking relief from his conviction and sentence, the relief requested by the Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. See United States v. Morehead, No. 97-391, 2000 WL 1788398 (N.D.Ill., December 4, 2000):

> Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, [the defendant] argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

United States v. Morehead, supra.

In order to instead proceed with his claims in this Court under Section 2241, Petitioner would be required to show that a Section 2255 motion is inadequate or ineffective to test the legality of his convictions or sentences.[6] However, the fact that Petitioner has already had a § 2255 motion denied by the sentencing court is not in and of itself sufficient to demonstrate that a § 2255 motion at this time would be inadequate or ineffective. See In re Avery W. Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)[remedy afforded by § 2255 is not rendered inadequate or ineffective because an

---

[6]Although Petitioner is again trying to cast some of these issues as jurisdictional, the court in his § 2255 Petition previously held that, while Petitioner couched many of his claims in that action as jurisdictional, they were not, and noted that "[m]erely misconstruing his criminal history is a non-jurisdictional defect that was waived by [Petitioner's] guilty plea." See Brown, 2013 WL 3831649 at *2, n. 3. As such, to the extent Petitioner is again trying to cast these issues as jurisdictional, the undersigned finds for the same reasoning that they are not jurisdictional issues.



individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion]; Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir. 1991)[petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241].

The Fourth Circuit Court of Appeals set forth the test to determine if a §2255 motion would be inadequate or ineffective in In re Jones, 226 F.3d 328, 333-34 (4th Cir.2000), holding that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-334. Petitioner has not set forth any set of facts which could be construed to meet the prongs announced in Jones. While he make allegations that the sentencing court erred in giving him an armed career enhancement and issues related to that enhancement, he has not shown any substantive change in the law since his sentencing. As a result, this court does not have jurisdiction to entertain Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.

Finally, Petitioner's unsupported statements that he "was/is actually innocent" of the crimes for which he was convicted and sentenced is without merit. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Prisoners such as Petitioner often assert "actual innocence" rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where a direct appeal is unsuccessful (or the time for appeal has expired) and



an initial section 2255 motion or section 2254 petition is also unsuccessful, but the Petitioner wishes to file a second or successive writ to raise a "new" issue, or where he or she has committed a procedural default precluding one or more available remedies. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raised the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." Cornell v. Nix, 119 F.3d 1329, 1333 (8th Cir. 1997).

In the present case, however, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charge. See Schlup v. Delo, 513 U.S. 298, 324 (1995) [to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"]; Thompson v. United States, No. 99-3898, 2000 WL 571952 at * 2 (6th Cir. May 2, 2000)[bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241]. Petitioner's attempt here to argue that the statutory interpretation was wrong is a purely legal argument and does not entitle him to relief. Bousley, 523 U.S. at 623 ["Actual innocence" requires the petitioner to show "factual innocence, not mere legal sufficiency."]; Barreto-Barreto v. United States, 551 F.3d 95, 102 (1st Cir. 2008)[Petitioners' claims that they are actually innocent because their conduct did not violate the statute when they were charged is a purely legal



argument concerning an issue of statutory interpretation."]; Nascimento v. United States, No. 03-10329, 2012 WL 1004316 at *4 (D.Mass. Mar. 22, 2012)["Moreover, the actual innocence exception is considered with claims of actual innocence, as opposed to legal innocence."].

In sum, nothing in this case presents more than an unsupported allegation of "actual innocence " and complaints regarding legal statutory interpretation, which requires this court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." United States v. Lurie, 207 F.3d 1075, 1077 n. 4 (8th Cir.  2000).[7]

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion to deny Petitioner's habeas petition be **granted**, and that this Petition be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 8, 2015
Charleston, South Carolina

---

[7]The undersigned is further constrained to note that Petitioner also signed an appeal waiver which was found valid in his direct appeal and earlier § 2255 proceeding.  See discussion, supra. However, since this Petition cannot proceed under § 2241, there is no need to even address that issue.

9



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

