IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Benjamin Brown, | ) | Civil Action No. 9:14-1355-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Mansukhani, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner William Benjamin Brown, ("Petitioner"), a federal prisoner at FCI-Estill, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for all pre-trial proceedings. On May 8, 2015, the Magistrate Judge issued a Report and Recommendation, ("the Report") (ECF No. 19), recommending that Respondent's motion to deny Petitioner's habeas petition, (ECF No. 13), be granted and that the petition be dismissed. On May 21, 2015, Petitioner filed an Objection to the Report. (ECF No. 21). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record

in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. The Court has undertaken this *de novo* review, even though Petitioner's Objection fails to advance specific objections to the Magistrate Judge's Report but instead merely restates arguments already advanced in earlier filings. (ECF No. 21). Petitioner fails entirely to address the core of the Magistrate Judge's analysis, specifically, the Magistrate Judge's determination that Petitioner has failed to satisfy the three-part test outlined in *In Re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000), that must be established in order for a § 2241 petitioner to obtain relief on claims normally brought pursuant to § 2255. See ECF No. 19 at p. 7. As the Report sets out, Petitioner has not shown a change in the substantive law occurring subsequent to his direct appeal and prior § 2255 petition that has rendered the conduct for which he was convicted no longer criminal and that would permit him to seek relief pursuant to § 2241. Id. Nor has Petitioner advanced a facially viable claim of "actual innocence" by presenting new, reliable evidence not presented in a prior proceeding. See id. at p. 8.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference. (ECF No. 19). Respondent's motion to deny Petitioner's habeas petition, (ECF No. 13), is **GRANTED** and the petition is **DISMISSED**.

### Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©.  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis  
United States District Judge

May 22, 2015  
Columbia, South Carolina